2090365 City of Ottawa, Illinois Appellant Wade v. Illinois Labor Relations Board at all employees like Shane Boyles and Carl Edlunds. Okay, I see Mr. Boyles and Mr. Edlunds, you have split your time. I believe Mr. Boyles, you wish to proceed first, am I correct? Yes, please proceed. Your Honors, as I'm sure you all know, sometimes when we lawyers get to work on these things, we overlook some very basic principles and sometimes it doesn't help you. But it has occurred to me two things that I want to address before we get started. First of all, with regards to the city's race judicata arguments, it has occurred to me that the race judicata argument that they are making, which is really sort of a backwards claim splitting argument, is inconsistent with their statement of jurisdiction. Their statement of jurisdiction, which is accurate and which nobody objects to, explains that this court has jurisdiction directly under 11E of the Illinois Public Labor Relations Act. Basically, we don't go to circuit court from the labor board. After a labor board decision, by statute, this court gets administrative review directly. And the city's... So it creates a tension in the city's mind that this Weingarten claim should have been heard in the circuit court because by statute, you don't go to circuit court for an unfair labor practice claim. It begins up in the court system and ends up in the appellate court first. So that's one point I wanted to make. And another point, a very basic point with regards to a Weingarten violation. The city faults the union for not filing an unfair labor practice charge, I think, until January 7th of 2004. A Weingarten violation does not accrue until the employee suffers an adverse employment action, which happened on January 6th. We filed it the next day after the claim accrued. So whether the interview occurred on November 13th or 15th, 2003, there's a sort of no harm, no foul situation. The labor board will not grant you a complaint on your unfair labor practice charge unless the employee suffers an adverse employment action. So the city repeatedly faults the union for not doing that. We filed it almost instantaneously. To get more in-depth into the city's arguments... Moving on past the race judicata issue... I'd like to come back to that. Sure, sure. It's certainly crucial here. Are you saying that the first case was not decided by the circuit court? It was in the circuit court, was it not? Right, and it depends on what you call the first case. The city says this is the third case. This was the first... I'm not talking about the federal case. Okay. I'm not talking about that. This claim was actually filed before, I think, charges were filed with the federal police commissioners. Actually, there were no charges. There was just a final, maybe, letter, and then Manicki individually went into circuit court under administrative review to challenge the decision of the federal police commission. And how limited is the jurisdiction? At that point, I mean, it's a court of general jurisdiction. It certainly is a circuit court. It has plenary powers. Correct. But what... How is it limited here? Or was it? I mean, because that's one of the things you look at when you study race judicata. There's a tension between the statutory schemes. The 65 ILCS 510-2.1-17 is the fire and police commission statute. Under that statute, a fire and police commission, and this is the Gershon case here as well, they only have the authority granted to them by the legislature. But those decisions under that same statute are repealed under the administrative review law, which says, Review shall extend all questions of fact and law presented by the entire record before the court. So, under administrative review, you seemingly have a wide scope of review. But at the same time, a board of fire and police commissioners only has the authority to determine whether or not there's cause to discharge. As granted by the legislature in that statute under Title 65. So, I guess my question is, is the reviewability of the circuit by the circuit court in that particular case, is it substantially limited, circumscribed by the statute? I mean, I wouldn't say that's the trial court's review. It doesn't have plenary jurisdiction at that point or not. It has, it's pretty broad. They have a wide, kind of a wide open review, but it's limited by the record. And I don't know what was put on at the record at the fire and police commission. But I have certainly argued, and will continue to argue, that a board of fire and police commissioners has only the jurisdiction granted to them by statute, which does not include any jurisdiction over a Weingarten-type violation or the Illinois Public Labor Relations Act. So, it kind of depends on what the record says. At the administrative level, that's true. But does then that limitation also limit you in the circuit court? Yes, under Section 2 of the Administrative Review Law, the court is bound by the administrative record. The Weingarten issue, the city claims that basically the city has to intend to interrogate the employee. That's not true. Even if they don't intend to interrogate an employee, you look at the questions actually asked, which is what the labor board did, and an interview can become an interrogation, which, at a minimum, is what we're dealing with in this case. The city does say that the Uniformed Peace Officers Disciplinary Act is in conflict with Weingarten rights. But it notes, this is page 13 of its reply brief, it says, As noted by the appellate court in Ehlers, a violation of Weingarten rights may occur even though there has been strict compliance with UPOTA. They're not in conflict. The doctrine of Weingarten and UPOTA are harmonious. They can be harmonized. And finally, the Supreme Court did not say in Ehlers, or Ehlers, however you pronounce it, that UPOTA and Weingarten are incompatible. That was just an issue of whether or not the collective bargaining agreement expressly waived Weingarten rights. Moving on to that issue, which is what the city contends here, it claims the following language was a contractual waiver, and the language states, Nothing in this section shall be construed as to be violative of one's federal or state constitutional rights as protected by current statutes.  I mean, the city contends that it's a waiver. It contends that just through a misreading of English. And finally, with the issue of whether or not Officer Manicki waived his rights, you're dealing with an officer, a rookie officer, who has been called into question by two police captains. And in that situation, he starts the interrogator questioning off by asking for a union representative. And then after he's told he can't have one, he asks again. Officer Manicki did not waive his Weingarten rights. At best, the captains changed his mind for him. So there is no waiver here by Officer Manicki of his Weingarten rights. And we think all of the city's arguments are without basis. What's our standard of review here? With regards to the legal questions, it is de novo. With regards to the, I think the city really wants you to retry the facts, but that's tied in with the Weingarten violation, and therefore it's clearly erroneous because it's sort of a mixed question of law and fact. And I note in my brief, I say manifest weight in the evidence several times, and I think I did that because that's the standard the city urges for the questions of fact. If that's not true, it's clearly erroneous for the questions of fact. For the mixed questions of fact and law, excuse me. Okay, so you're correcting your view on it? Yes. Okay. Yes. Good. It is clearly erroneous. Yes. Thank you. Thank you. Mr. Eulitz. Good morning, Your Honors. Good morning. I'm going to assist Attorney General Carl Eulitz for the Labor Board. In other words, I only have a few brief points to make unless you have questions. The race judicata question, I think, is a very legally interesting question, but the law is fairly well settled by the third district decision in Gershon. The Labor Board's jurisdiction and the jurisdiction of the merit commissions are set out by statute. They're distinct. The Labor Board's jurisdiction over unfair labor practices is exclusive. Neither the circuit court or the appellate court or the district court in the federal system or the circuit court in the federal system, none of those courts have authority to find, in the first instance, a violation that there's been an unfair labor practice only review, and that would be, as my co-counsel mentioned this morning, direct review typically in the appellate court. So if the court were to consider, I also raised a waiver question, which appeals to me because I see many cases like this where a party doesn't really develop anything below and then comes into the appellate court and makes a much better argument of appeal. In this case, it's true that the city did say that it was raising a res judicata defense, but it didn't develop that argument at the hearing. It didn't develop that argument in its briefs to the Labor Board afterwards. It didn't develop that argument in exceptions filed after the ALJ rendered his recommended decision. In that case, I'd ask the appellate court to realize that my clients, members of the Labor Board, are not necessarily attorneys. They need a little bit more than simply someone standing up and saying res judicata, res judicata. If it doesn't get developed, it's not likely to be discussed in the board's decision, and that's really what happened here. It wasn't even discussed by the ALJ because I think the ALJ, in going through the five volumes of records here, didn't see that as an issue that was at the front. It could have been, but it wasn't. As I say, I'm hesitant to bring that up and argue it too strenuously because I think it's meritless if the court does get to it, but I'll make both arguments here. The union agreement in this case certainly did not waive Weingarten rights. If you read the single paragraph that my opponent puts in his reply brief alleging waiver, it's a provision designed to give employees the rights that the statute gives them, not waive rights that they would have under the board's Weingarten doctrine. Certainly, Officer Manicki didn't waive his rights at that meeting with his two captains. My brief sets out fairly lengthy quotations from that because I think it's very obvious from just reading that page and a half that Officer Manicki kept saying, how about a union rep? Can I get a union rep? They kept saying, no, no, no, this is two police captains, and as my co-counsel pointed out, Officer Manicki's a rookie officer. It seems like it's asking too much of him to do more than say three times, can I have a union rep? I'm criticized or my client's criticized in the reply brief for not explaining itself better in its final decision. I think that was an argument that is meritless if we go back and read the seven or eight pages of the board's decision here. It's very clear that the board found, in contrast to the ALJ, that a reasonable person in an officer's position would fear discipline from this meeting, and although the ALJ disagreed, the board, in several paragraphs, explained why there were property that was broken in altercation that Officer Manicki was involved with. There was a verbal dispute afterwards between him and one of the officers. They considered him to be someone involved in the incident and not just someone who observed the incident. Also relevant was the fact that he was a probationary officer coming up on the end of his tenure as a probationary officer, so a meeting between him and two captains would certainly put someone on reasonable fear that perhaps from this meeting was going to come some discipline that could affect his ability to become a permanent member of the force. There was sufficient evidence here for the board to find a wine garden violation. It was not clear error for the board to do that. I don't think I needed to say much more than that in the arguments in my brief. I'll lay that out. One of your owners asked about the standard of review. I think clearly erroneous is the proper standard here. Lastly, the last argument that was raised is that the board abused its discretion in reinstating Officer Manicki. The board is given broad discretion under Section 11 of the Act to provide relief and to make an officer whole if there's been a violation that warrants it. I don't think there's any reasonable argument here that there's been an abuse of that discretion. Wine garden rights are important rights, and if they're not responded to with reinstatement, it's hard to convince employers to grant them. Unless there are questions. Thank you very much, Lisa. Thank you, Counsel Bulls, for your arguments in this matter. This morning will be taken under advisement. A written disposition will issue.